(No. 4019

JOSEPHINE V. CAIRNS, WIDOW OF CHARLES O. CAIRNS, DECEASED: Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 18, 1947.*

WILLARD V. KELSEY, for Claimant.

GEORGE F. BARRETT, Attorney General; and C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

BERGSTROM, J.

This claim was filed on April 17, 1947 by Josephine

V. Cairns, widow of Charles O. Cairns, in her own behalf, and in behalf of her two minor children, Betty Iona Cairns and Gerald Leroy Cairns, against the State of Illinois, under Section 7 (a) of the Workmen's Compensation Act.

The record consists of the Complaint, Departmental Report, Amended Complaint, Stipulation, Claimant's Waiver of Brief and Respondent's Waiver of Brief.

The evidence shows that decedent was first employed by the Division of Highways on April 19, 1945 and worked regularly thereafter until his death on March 1, 1947. That during the night of February 28-March 1, 1947, falling snow caused the highways to become slippery. This condition caused a number of vehicles to stall on a hill on U. S. Highway No. 67 approximately 2½ miles north of Godfrey, Madison County. This group of stalled vehicles caused an extra-hazardous traffic condition. The Division of State Police requested aid from the Division of Highways in resolving the difficulty. Following this request, Mr. Cairns' highway section man, George Kruse of Brighton, and Mr. Cairns drove to the hill north of Godfrey. They spread cinders on the slippery hill, which enabled all of the stalled vehicles but one to proceed. This last vehicle, a truck owned by the Lee Transportation Company, had proceeded in a southerly direction part way up the hill when its wheels began to spin, causing it to stall again. Mr. Cairns and Mr. Kruse walked from their truck at the bottom of the hill to the stalled truck and began to carry cinders from a stock pile on the east side of the highway and throw them under the rear wheels of the Lee truck. About 2:30 A. M. Mr. Cairns had carried a shovelful of cinders across the highway and was spreading them in front of the rear left wheel of the Lee truck when a truck owned

by the Hayes Freight Lines, driven by Herbert Krigbaum, Quincy, Illinois, and proceeding in a northerly direction, passed the Lee truck. Because of the falling snow the driving lights of the Hayes truck were depressed and Mr. Krigbaum failed to see Mr. Cairns until it was too late to avoid striking him. Mr. Krigbaum immediately stopped his truck, assisted in removing Mr. Cairns' body from the highway, and called the State Police. About 3:00 A. M. Mr. Ralph A. Gent, Alton, Deputy Coroner of Madison County, arrived at the scene of the accident, pronounced Mr. Cairns dead, and removed the body.

The record clearly shows that decedent was injured out of and during the course of his employment by respondent, and as respondent had immediate notice of the accident and claim was filed within six months from the time it occurred, the provisions of Section 24 of the Compensation Act have been fully met. The record also shows that the Division of Highways paid no treatment bills or compensation because of this injury.

At the time of decedent's death, his widow, Josephine V. Cairns, and his two minor children, Betty Iona born March 28, 1934 and Gerald Leroy born March 5, 1938, were totally dependent upon him for support. Decedent's earnings from the respondent for the year preceding his death were $1,800.00. Claimant is entitled to an award in the sum of $4,800.00. Since the death occurred subsequent to July 1, 1945 this must be increased 20%, making a total award of $5,760.00. The weekly compensation rate is $19.20.

An award is therefore entered in favor of claimant, Josephine V. Cairns, in the amount of $5,760.00, to be paid to her as follows:

$ 537.60 accrued, is payable forthwith;

$5,222.40 payable in weekly installments of $19.20 beginning on. the 22nd day of September, 1947 for a period of 272 weeks.

All future payments being subject to the terms and conditions of the Workmen's Compensation Act of Illinois, jurisdiction of this cause is specifically reserved for the entry of such further orders as may from time to time be necessary.

This award is subject to the approval of the Governor as provided in Section 3 of "an Act concerning the payment of compensation awards to State employees".